Filed 7/27/15  P. v. Perez CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B259886 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA419577) |
| v. | |
| FRANKIE PEREZ, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Anne H. Egerton, Judge.  Affirmed.

Alex Coolman, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Frankie Perez went to his former girlfriend's house, stabbed the security door with a knife and threatened to kill her and her current boyfriend. Perez was arrested and charged in an information with two counts of making a criminal threat (Pen. Code, § 422, subd. (a)) and one count of misdemeanor vandalism (*id*., § 594, subd. (a)). The information specially alleged Perez had suffered one prior serious or violent felony conviction within the meaning of Penal Code section 667, subdivision (a)(1), and the three strikes law (*id*., §§ 667, subds. (b)-(i), 1170.12) and had served one separate prison term for a felony (*id*., § 667.5, subd. (b)). Represented by appointed counsel, Perez pleaded not guilty and denied the special allegations.

The trial court denied Perez's motion to set aside the information. (Pen. Code, § 995.) After Perez asserted his Sixth Amendment right under *Faretta v. California* (1975) 422 U.S. 806 [95 S.Ct. 2525, 45 L.Ed.2d 562] to represent himself, the court relieved the public defender's office as counsel of record. Several months later, Perez relinquished his self-representation status and the court granted his request for appointed counsel. The same day, the People amended the information to charge the vandalism count as a felony, and Perez entered a negotiated plea of no contest, orally and in writing, to that count.

Prior to entering his plea, Perez was advised of his constitutional rights and the nature and consequences of the plea, which Perez stated he understood. Defense counsel joined in the waivers of constitutional rights. The trial court found a factual basis for the plea and expressly found Perez's waivers and plea were voluntary, knowing and intelligent.

In accordance with the plea agreement, the court sentenced Perez to the low term of 16 months for felony vandalism and granted the People's motion to dismiss the remaining counts and special allegations. The court awarded Perez presentence custody credit of 590 days and imposed statutory fees, fines and assessments.

Perez filed a timely notice of appeal challenging the "denial of his motion to dismiss pursuant to Penal Code section 995, the trial court[']s rulings and findings and the sentence" in his case. There is no certificate of probable cause in the record.

We appointed counsel to represent Perez on appeal. After examination of the record counsel filed an opening brief in which no issues were raised. On March 5, 2015, we advised Perez he had 30 days within which to personally submit any contentions or issues he wished us to consider. We have received no response.

A criminal defendant who appeals following a plea of no contest or guilty without a certificate of probable cause can only challenge the denial of a motion to suppress evidence or raise grounds arising after the entry of the plea that do not affect the plea's validity. (Cal. Rules of Court, rule 8.304(b)(4).) To the extent Perez is seeking to challenge the validity of his plea and his sentence imposed as part of his plea, his appeal is inoperative. (*Id*., rule 8.304(b)(3).) With respect to other potential sentencing or post-plea issues that do not in substance challenge the validity of the plea itself, we have examined the record and are satisfied Perez's attorney has fully complied with the responsibilities of counsel and no arguable issue exists. (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende* (1979) 25 Cal.3d 436, 441-442.)

## DISPOSITION

The judgment is affirmed.

STROBEL, J.[*]

We concur:

PERLUSS, P. J.                    SEGAL, J.

_____

[*]    Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

3